**ORIGINAL**  **FILED**

Montez Salamasina Tuia: Ottley – Federal Detainee # 87604-022
A0162331 – Solitary Confinement
C/O Women's Community Correctional Center - Custodian
42-477 Kalanianaole Highway
Kailua, Oahu, Hawaii 96734
Tel: (808) 266-9580

AUG - 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Montez Salamasina Tuia: Ottley )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN RATHMAN AS WARDEN FOR )<br>THE UNITED STATES OF AMERICA )<br>FEDERAL DETENTION CENTER – 351 )<br>ELLIOTT ST., HONOLULU HAWAII, )<br>Tel: (808) 838-4200, )<br>)<br>Defendant. )<br>_____) | CASE NUMBER   1:06CV01415<br><br>JUDGE: Gladys Kessler<br><br>DECK TYPE: Habeas Corpus/2255<br><br>DATE STAMP: 08/09/2006<br><br>COLUMBIA CODE FOR A WRIT OF<br>HABEAS CORPUS |

COMPLAINT

COMES NOW, Plaintiff, Montez Salamasina Tuia: Ottley (hereinafter "Me", "My", "Myself", "Mine", and/or "I") the undersigned, and for causes of action make claims for relief against the above-named Defendant allege and verify as follows:

FIRST CLAIM FOR RELIEF

1.   I was at all relevant times herein mentioned, living in and about the County of Oahu, State of Hawaii ("Hawaii"). Defendant WARDEN JOHN RATHMAN (Defendant "Warden") is a United States ("U.S.") federal officer employed with the U.S. Department of Justice ("DOJ") under its U.S. Bureau of Prisons ("BOP") and licensed to operate the U.S.

1

Federal Detention Center ("FDC") as Warden in Hawaii and doing business in the City of Honolulu, County of Oahu, State of Hawaii ("State") at all relevant times mentioned herein; The U.S.'s principal place of business is in the City of Washington, District of Colombia ("District"). Upon information and belief, Defendant Warden is a U.S. corporate citizen and resident of the County of Oahu, State of Hawaii. The above-entitled court ("Court") has jurisdiction pursuant to the Constitution of the United States. Venue is proper in Court because I am being unlawfully detained within the District, whereas State remedies have been exhausted.

2. All incidents describe herein took place within the jurisdiction of the Court located in the District.

3. Defendant Warden is engaged in activities alleged herein and/or in some manner is legally responsible for My injuries and damages and/or conducted activities in a negligent manner, which negligent conduct was a proximate cause of My injuries/damages and/or wrongful imprisonment as herein alleged.

4. That at all times herein mentioned Defendant Warden was at all times acting within the scope and purpose of his employment and has ratified and approved the acts of his chief officer(s), director(s), agent(s), and/or employees.

5. That prior to October 3, 1998, the Federal Bureau of Investigation ("FBI") allegedly assigned an agent, James Brown III ("Brown"), to make application and affidavit for a search warrant regarding My private property located outside the District, yet Brown's requisite appointment, bond, charging document, and/or claim over Me is not of record.

6. On March 29, 2000, a U.S. Magistrate Judge issued a warrant for the arrest of one MONTEZ SALAMASINA OTTLEY, INC. ("MSO INC") resident of 55-654 NANILOA LOOP, LAIE, HAWAII ("Arrest") to stand trial before U.S. District Judge HELEN GILMOR in CR-00-

00126-HG/LEK ("Gilmor"), although certain officers and/or FBI agents ("Agents") Arrest[ed] Me as an involuntary replacement for MSO INC at My place of labor in downtown Honolulu, and took Me to a Honolulu State prison ("OCCC"). Agents knew or should have reasonably known that I am not a U.S. Federal, or State officer, employee, corporation, corporate citizen, person, or individual under corporal oath, nor am I a accommodation, franchise, charterer, contractor, substitute, or a party subject to either acts of Congress or acts issued by State Legislatures, nor was I engaged in or enjoined to a U.S. priviledge or grant from the U.S., or any State, nor am I a surety, security, assumpsit, or guarantor for any aforesaid entities; I hold no commission, nor fill any office under aforesaid entities, nor any other whatever.

7. On March 30, 2000, OCCC acquired the care and maintenance of Me without a warrant of commmitment or detainer ("Warrant") in the above-described matter.

8. On November 28, 2001, a visiting U.S. DC Judge, MANUEL L REAL ("Real") withdrew CR-00-00126-HG/LEK from Gilmor and converted same into his CR-00-00126-MLR and thereby sentenced Me to a certain number of years, without appointment, claim, bond, or Warrant of record, and ordered the Marshal(s) to take Me to the FDC where Defendant Warden has a duty to ensure that the requirements were met to detain Me.

9. The above described incident took place as a direct and proximate result of the negligent acts and/or omissions of Defendant Warden and certain other officers, employees, Agents, and/or servants, which include but are not limited to: improperly, negligently, carelessly, tortiously and/or wrongfully maintaining My detention without Warrant, including the transfer or removal of Me in and out of State without BOP orders for the purpose of evading or not obeying a writ of habeas corpus ("Writ"), plus forcing Me into solitary confinement ("SHU").

10. By reason of said negligent detention, maintenance, and inspection in want of a

Warrant, including several wrongful transfers of Me in and out of State, My unlawful detention was known to Defendant Warden via My demand for a true copy of Warrant and his thorough inspection of the record, as inspection of the record was the duty of Defendant Warden to make.

11. As a direct and proximate result of the above-described negligent detention, and/or negligent act and/or omissions, and/or act of Defendant Warden I sustained severe and permanent mental and emotional trauma from which I suffered in the past and will continue to suffer in the future.

12. As a direct and proximate result of the above-described negligent acts and/or omissions of Defendant Warden I sustained severe and permanent mental and emotional trauma by remaining unlawfully imprisoned under Defendant Warden's wrongful actions from which I suffered in the past and will continue to suffer in the future.

13. As a further direct and proximate result of the above-described negligent acts and/or omissions and/or acts of Defendant Warden I have lost labor opportunities in the past and will continue to suffer the lose into the future due to Defendant Warden's wrongful custody of Me.

WHEREFORE, I pray judgment against the Defendant Warden as is hereinafter set forth.

## SECOND CLAIM FOR RELIEF

For a separate and distinct claim for relief, I allege as follows:

14. I reallege and incorporate paragraphs 1-13 as if fully set forth herein.

15. The above-described orchestrated fraud against Me was a direct and proximate result of the negligent acts and/or omissions of Defendant Warden, which include but are not limited to the following;

A. Defendant Warden failed to honor his oath and charge of office, and thereby Defendant Warden executes his charged duties in an irregular manner;

B. Defendant Warden failed to keep a proper look-out;

C. Defendant Warden was reckless and careless in the operation and charge of his office, duties and obligations;

D. Defendant Warden was willfully inattentive to his oath, and charge of office in that I was brought into his care without a Warrant. Furthermore I was irregularly and involuntarily brought back and forth to DC and its so-called controlling statutes, rules, and colorable regulations, the practice of which were frequently enhanced or changed to fit Defendant Warden's needs. These changes in expanded authority and altered standards unfairly acted to the disadvantage of Me, and as a result of such I am imprisoned without appointment, indictment, claim, bond, arraignment, or Warrant. These colorable changes in law, practice, and the insuing pretended procedures over the past six years by Defendant Warden, *et al*, have deprived Me of My life, liberty and property, albeit I had timely noticed Defendant Warden of the aforesaid irregularities, yet on July 23, 2006, Defendant Warden willfully subjected Me to further damages by orchestrating My instant removal to the Hawaii Women's Community Correctional Center located at 42-477 Kalanianaole Hwy, Kailua, Hawaii 96734 ("WCCC"), as its WARDEN ERIC TANAKA authorized My new State identification number A0162331 under some imagined or pretended grounds in order to either hide Me or deny Me access to justice and relief.

16. As a direct and proximate result of the above described negligent acts and/or omissions of Defendant Warden I sustained severe and permanent injuries by reason of the special circumstances or conditions which is intensifing My lose of confidence in the government's several agencies, agents and/or employees as is herein above set forth.

WHEREFORE, I pray judgment against the Defendant Warden as is hereinafter set forth.

THIRD CLAIM FOR RELIEF

For a separate and distinct claim for relief, I allege as follows:

17. I reallege and incorporate paragraphs 1-16 as if fully set forth herein.

18. Prior to October 3, 1998, Defendant Warden through his agents, representatives, and/or employees, negligently performed their duties to screen this matter, which is to notice whether the requisite cognizable claim i.e. charging doucment, assignment of suit, appointment of property, indictment, and bond were filed, which negligence caused My unlawful imprisonment as of March 29, 2000.

19. Defendant Warden negligently misrepresented, certified and/or warranted that I was, or that I represented either a U.S. Treasury agent/officer or employee, and/or a U.S. domestic financial institution agent/officer or employee, and/or a U.S. Post Office or Postal Service agent/officer or employee, and, in want of such proof Defendant Warden holds no cause to maintain My detention and/or restrain Me of My liberty.

20. Defendant Warden is negligently responsible and/or strictly liable for My wrongful imprisonment and unlawful transfers, including My instant removal to WCCC.

21. Defendant Warden knew or with the exercise of ordinary care should have known that his actions and duties were being performed illegally, and that his solitary confinement of Me in the FDC's SHU against My will, and his transfer of Me to WCCC's solitary confinement, the circumstances are clearly erroneous, ignorance of law and justice, arbitrary and capricious, motivated by animus and conflict of interest, and is thereby subjecting Me without cause to cruel and unusual punishment in violation of his Constitutional oath to the U.S.

22.     As a direct and proximate result of the above-described negligent acts and/or omissions of Defendant Warden, I herein sustained severe and permanent injuries as is herein above set forth.

WHEREFORE, I pray judgment against the Defendant Warden as is hereinafter set forth.

## FOURTH CLAIM FOR RELIEF

For a separate and distinct claim for relief, I allege as follows:

23.     I reallege and incorporate paragraphs 1-22 as if fully set forth herein.

24.     As a direct and proximate result of the actions of the Defendant Warden described herein, I herein have been subjected to serious emotional distress, the kind with which a person normally constituted would not be adequately able to cope, as a result of, but not limited to, experiencing and witnessing the injuries sustained by Me.

WHEREFORE, I pray judgment against the Defendant Warden as is hereinafter set forth.

## FIFTH CLAIM FOR RELIEF

For a separate and distinct claim for relief, I allege as follows:

25.     I reallege and incorporate paragraphs 1-13, 15-16, 18-22 and 24 as if fully set forth herein.

26.     That Defendant Warden knew, or should have reasonably known that My detention is irregular, a Constitutional violation, and that his acts and/or omissions as herein above described were willful, wanton, and malicious and in total disregard of the Constitution for the U.S., and a bar to due process of law and equal protection of the law for the well-being of Me, and that over the past five months of Defendant Warden holding Me in solitary confinement in the FDC's SHU, and then removal of Me to the WCCC in an attempt to evade a Writ is in violation of law, an abuse of discretion, arbitrary, capricious, and discriminatory.

27. As a direct and proximate result of the Defendant Warden's willful, wanton, and malicious conduct, I have been damaged physically, emotionally, financially and permanently, giving rise to the issue of punitive damages.

WHEREFORE, I pray instant judgment against the Defendant Warden Rathman, as is hereinafter set forth:

(1) For relief by the issuance of the attached Summons or Court's corresponding order directing Defendant Warden to forthwith show just and sufficient cause as to why this complaint is insufficient for My instant release from his, *et al*, custody and control, including the release of My other property also being held in trust by the U.S. in Honolulu, Hawaii;

(2) Special damages in such amounts as Court shall decide in regard to the gravity of Defendant Warden's wrongful acts causing My illegal imprisonment/SHU, transfers, including the instant removal to WCCC's solitary confinement, and six year lose of liberty and labor.

(3) General damages for mental and emotional distress and special, consequential, compensatory, and treble damages in an amount to be found by Court.

(4) Punitive and exemplary damages in an amount that Court deems just and proper under the circumstances to punish or set an example of Defendant Warden.

(5) Such other and further relief in the interest of justice as to which Court deems just and proper, and to which I shall be entitled per Rule 54 of the Hawaii Rules of Civil Procedure including, but not limited to, costs of suit incurred herein, and costs of Court.

Executed without the United States on this 2nd day of August 2006, Honolulu, Hawaii.

By: _Monty Salamasina Juia: Attly_
      For Me