Attachment Contents:

4 Pages of "Motion to Vacate Sentence in Want of Jurisdiction…"

# "ATTACHMENT" I
### (Five Pages Including This Page)

Montez Salamasina Tuia: Ottley – Detainee
87604-022/3A-22
C/o The Federal Detention Center, Custodian
351 Elliott Street, P.O. Box 30080
Honolulu, Oahu, Hawaii 96820

Appearing Specially

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 2 7 2005

at ____ o'clock and ____ min. ___ .i.]
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. **CV05-00624 MLR-KSC** |
| | ) | (To be supplied by Clerk) |
| vs. | ) | |
| | ) | MOTION TO VACATE SENTENCE |
| Montez Salamasina Tuia: Ottley | ) | IN WANT OF JURISDICTION PER |
| | ) | MODEL FORM FOR MOTIONS |
| Movant. | ) | UNDER 28 U.S.C. § 2255 |
| | ) | |

## MOTION

1. Name and location of court which entered the judgment of conviction under attack - the above-entitled court located at 300 Ala Moana Boulevard, Honolulu, Hawaii 96850;

2. Date of judgment of conviction - March 8, 2004 and again September 22, 2005;

3. Length of sentence - nineteen (19) years;

4. Nature of offense involved (all counts) - fifteen counts steming from My holding the alleged status of either a "domestic financial institution" and/or "Postal Service Employee";

5. What was your plea? - I have reason to believe that court unlawfully entered a not guilty plea for Me without My consent because I did not wish to make a plea until becoming fully informed upon viewing the charging document in the first instance, which I have been denied from the outset i.e. March 29, 2000;

6. Kind of trial – From jury to Judge only;

7. Did you testify at the trial? No;

8. Did you appeal from the judgment of conviction? Yes;

9. If you did appeal, answer the following:
   (a) Name of court – Ninth Circuit Court of Appeals ("9th");
   (b) Result – First judgment reversed, Second – limited remand regarding sentencing;
   (c) Date of result – First on May 19, 2003 and Second on July 11, 2005;

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court? Yes;

11.   If your answer to 10 was "yes," give the following information:
(a)      (1) Name of court – 9th;
      (2) Nature of proceedings – Habeas Corpus;
      (3) Grounds raised –The United States ("U.S") is in want of any material evidence that would grant subject matter/in personam jurisdiction over Me, and that U.S. has refused to provide discovery of its claim(s) i.e. the charging document, warrant of commitment/detainer to support its authority to restrain Me of My lawful liberty, and that I am Me, I am not a citizen, guarantor or surety for any person, individual, corporation, fiction, accommodation, or franchise enjoined to the U.S., or any State; I hold no commission, nor fill any office under those Governments, as I did not violate any act of congress that would result in an offence, nor did I violate a commission, nor has government provided its claim in the first instance upon which its relief could be granted, nor is there any substantial evidence of a lower agency decision for court to render a judgment, nor is there any injured party, no impaneled grand jury, no indictment/arraignment/plea to conduct a trial, no agreement for consideration, or issues to be settled between the parties e.g. the charging document for U.S. to maintain its suit;
      (4) Did you receive an evidentiary hearing on your petition, application or motion? No;
      (5) Result – Denied due to this court's unauthorized appointment of counsel;
      (6) Date of result – September 15, 2004
(b)      As to any second petition, application or motion give the same information:
      (1) Name of court – United States District Court for the District of Columbia;
      (2) Nature of proceedings – Habeas Corpus;
      (3) Grounds raised – No warrant of commitment;
      (4) Did you receive an evidentiary hearing on your petition, application or motion? No;
      (5) Result – I am led to believe that it is pending;
      (6) Date of result – Transferred July 19, 2005 to the Northern District of California;
(c)      As to any third petition, application or motion give the same information:
      (1) Name of court – Supreme Court of the United States;
      (2) Nature of proceedings – Habeas Corpus;
      (3) Grounds raised – Same as (a)(3) supra;
      (4) Did you receive an evidentiary hearing on your petition, application or motion? No;
(d)      Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
      (1) First petition, etc. – Yes;
      (2) Second petition, etc. – Yes;
      (3) Third petition, etc. – Yes;
(e)      If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not; N/A
12.   State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the fact supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
      CAUTION:  If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.
For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, *you should raise in*

2

*this motion all available grounds* (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a)    Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b)    Conviction obtained by use of coerced confession.

(c)    Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d)    Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e)    Convictin obtained by a violation of the privilege against self-incrimination.

(f)    Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g)    Conviction obtained by a violation of the protection against double jeopardy.

(h)    Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i)    Denial of effective assistance of counsel.

(j)    Denial of right of appeal.

A.  Ground one: The U.S is in want of any material or substantial evidence that could prove proper subject matter/in personam jurisdiction.
Supporting FACTS (tell your story *briefly* wighout citing cases or law – hereinafter "Supporting FACTS): I am not a citizen, guarantor or surety for any person, corporation, fiction, accommodation, or franchise enjoined to the U.S., or any State; I hold no commission, nor fill any office under those Governments, as I did not violate any act of congress that would result in an offence, nor did I violate a commission, nor has government provided its claim in the first instance upon which its relief could be granted, nor is there any substantial evidence of a lower agency decision for court to acquire jurisdiction.

B  Ground two: U.S. has refused to provide discovery of its claim(s) i.e. the charging document.
Supporting FACTS: U.S. failed to provide discovery, suit cannot be maintained without the original charging document placed into evidence.

C. Ground three: U.S. failed to provide a warrant of commitment/detainer to support its authority to restrain Me of My lawful liberty.
Supporting FACTS: I have demanded from the wardens of several detention centers to present Me with a certified copy of their warrant of commitment., which they have refused to provide.

D. Ground four: There is no injured party
Supporting FACTS: Lex loci does not exist, rendering suit void as there is no injured party.

E.  Ground five: No impaneled grand jury to present court its indictment for a new trial.
Supporting FACTS: The 9th remanded for a new trial i.e. a new case which necessarialy mandates impaneling a grand jury to issue a new indictment, which U.S. did not impanel.

F.  Ground six: U.S. arbitrarily conducted a new trial in want of an indictment or other initiating document e.g. motion for a new trial.
Supporting FACTS: There is no evidence of record that U.S. entered any indictment or other initiating documents to be granted a new trial.

G.  Ground seven: U.S. failed to provide an arraignment for a new trial.

Supporting FACTS: There is no evidence of record to support that an arraignment hearing was held.

H. Ground eight: There is no plea of record to grant new trial.

Supporting FACTS: The record is in want of any plea for a new trial.

I. Ground Nine: No agreement of issues were ever settled between the parties to begin a new trial.

Supporting FACTS: The U.S. failed to establish any legitimate issues for a new trial.

J. Ground ten: U.S. obtained a conviction by use of secondary evidence gained pursuant to an unconstitutional search and seizure.

Supporting FACTS: U.S. applications for search and seizure stand unwarranted, as said applications lack liability or exhibit the charging document in the first instance.

K. Ground eleven: Conviction obtained by a violation of the protection against double jeopardy.

Supporting FACTS: The U.S. violated the double jeopardy law when it conducted its unwarranted new trial on the basis of reversed charges.

L. Ground twelve: I was denied effective assistance of counsel.

Supporting FACTS: I was not allowed release to seek out competent counsel.

13.    If any of the grounds listed in 12A through L were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: All grounds were presented from the outset.

14.    Do you have any petition or appeal now pending in any court as to the judgment under attack?  Yes

15.    Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein: I fired each and every attorney that court appointed.
    (a) At preliminary hearing
    (b) At arraignment and plea
    (c) At trial
    (d) At sentencing
    (e) On appeal
    (f) In any post-conviction proceeding
    (g) On appeal from any adverse ruling in a post-conviction proceeding

16.    Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?  Yes and No.

17.    Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?  No
    (a) If so, give name and location of court which imposed sentence to be served in the future:
    (b) And give date and length of sentence to be served in the future:
    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

    Wherefore, I motion Court to find all relief to which I am entitled in this proceeding.  I declare under penalty of perjury that the foregoing is true and correct to the best of My knowledge and belief, as all of My court documents have been taken from Me by Detention Centers.

Executed on this 24th day of September 2005, at Honolulu, Hawaii.

            By: *Minty Lalamasina Fuia: Attley*
                Movant

4

Attachment Contents:

4 Pages of "Government's Motion to Dismiss Petitioner's § 2255 Motion"

# "ATTACHMENT" II
### (Five Pages Including This Page)

EDWARD H. KUBO, JR.   2499
United States Attorney
District of Hawaii

LARRY L. BUTRICK   3910
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Larry.Butrick@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 2 0 2005

at _____ o'clock and ____ min. ____M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,          )     CIV. NO. 05-00624 MLR-KSC
                                   )     CR. NO. 00-00126 MLR
        Plaintiff-Respondent,)
                                   )     GOVERNMENT'S MOTION TO DISMISS
    vs.                            )     PETITIONER'S § 2255 MOTION
                                   )
MONTEZ SALAMASINA OTTLEY,          )
                                   )
        Defendant-Petitioner.)
                                   )
_____)

GOVERNMENT'S MOTION TO
DISMISS PETITIONER'S § 2255 MOTION

        On September 27, 2005, Defendant-Petitioner Montez

Salamasina Ottley (hereinafter "Ottley") filed a Motion to Vacate

Sentence in Want of Jurisdiction Per Model Form for Motions Under

28 U.S.C. § 2255.  Additionally, on September 26, 2005, Ottley

also filed a Notice of Appeal in Cr. No. 00-00126 MLR from the

judgment and sentence imposed by this Court on September 22, 2005.  On October 6, 2005, a time schedule was provided to the parties by the Ninth Circuit Court of Appeals.

I.    ARGUMENT

In United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997), the Ninth Circuit entertained the issue of whether the delay in considering a Section 2255 caused by a pending appeal was sufficient to make the Section 2255 remedy inadequate or ineffective.  The Ninth Circuit found in the negative noting that, "Delay in considering a 2255 motion results from our direction that, for reasons of judicial economy, a district court should not entertain a habeas corpus petition while there is an appeal pending in this Court or in the Supreme Court."  Id.  The Ninth Circuit's rationale was, "This result would eviscerate our goal of judicial economy by engaging the attention of two courts on the same case at the same time."  Id.

II.    CONCLUSION

Based on the high probability that the same or similar issues will be addressed in this case by both the Ninth Circuit Court of Appeals and the District Court if Ottley's direct appeal and Section 2255 motion are heard simultaneously, the United

2

States respectfully requests this Court to summarily dismiss Ottley's Section 2255 petition.

DATED:  October 20 , 2005, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By _____
   LARRY L. BUTRICK
   Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

3

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was duly served by U.S. mail, first class, postage prepaid, and/or hand delivery, upon the following person(s) on _OCT 2 0 2005_:

MONTEZ SALAMASINA OTTLEY (87604022)
c/o Dublin Federal Detention Center
5701 8th Street
Camp Parks
Dublin, CA 94568

Defendant Pro Se

DATED: _____OCT 2 0 2005_____, at Honolulu, Hawaii.

_____Cheri Abing_____

4

Attachment Contents:

2 Pages of "In Reply to Government's Motion to Dismiss Petitioner's § 2255 Motion"

# "ATTACHMENT" III
### (Three Pages Including This Page)

Montez Salamasina Tuia: Ottley – Detainee
87604-022/3A-22
C/o Federal Detention Center - Custodian
351 Elliott Street – P.O. Box 30080
Honolulu, Oahu, Hawaii 96820


January 31, 2006


United States Courthouse
C/O Sue Beitia, Clerk of Court
300 Ala Moana Boulevard
Honolulu, Hawaii 96850

Re: Filing

Dear Clerk Beitia,

    You will find enclosed a copy of my "Verified Application for Writ of Habeas Corpus ("Writ")" and Two copies of my "Proof of Notification".  Upon recording and file stamping please see that the court receives the Writ and please return one copy of the "Proof of Notification" to me in the SASE.

Mahalo, and Aloha pumehana,

<em>Montez Salamasina Tuia: Ottley</em>


Cc:   file, 9th Circuit Court of Appeals
Encl:  Proof of Notification and Writ

Montez Salamasina Tuia: Ottley – Detainee
87604-022/3A-22
C/o Federal Detention Center - Custodian
351 Elliott Street – P.O. Box 30080
Honolulu, Oahu, Hawaii 96820

January 31, 2006

U.S. Court Of Appeals, Ninth Circuit
C/O Office of the Clerk – Cathy A. Catterson
95 Seventh Street
San Francisco, CA 94103-1526

Re: Filing For Civil No. 05-80147

Dear Clerk Catterson,

You will find enclosed Two copies of my "Proof of Notification" and a copy of my letter of instruction to the District Court Clerk.  Upon recording and file stamping please return one copy of the "Proof of Notification" to me in the SASE.

Mahalo, and Aloha pumehana,

*Montz Salamasina Tuia: Ottley*

Cc:    file
Encl:  Letter of Instruction to District Court Clerk, Two Copies of Proof of Notification

# ORIGINAL

Montez Salamasina Tuia: Ottley – Detainee
87604-022/3A-22
C/o The Federal Detention Center, Custodian
P.O. Box 30080
Honolulu, Oahu, Hawaii 96820

Appearing Specially

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

**NOV 0 9 2005** *ou*

at __11__ o'clock and __10__min. __A__.M
SUE BEITIA, CLERK

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA ) CIV. NO. 05-00624 MLR-KSC
 )
 Plaintiff, ) IN REPLY TO GOVERNMENT'S
 ) MOTION TO DISMISS PETITIONER'S
 vs. ) § 2255 MOTION AND NOTICE OF
 ) DEMAND FOR ORDER TO SETTLE
MONTEZ SALAMASINA OTTLEY© ) JURISDICTION,
 ) PROOF OF NOTIFICATION
 Movant. )
_____)

### IN REPLY TO GOVERNMENT'S MOTION
### TO DISMISS PETITIONER'S § 2255 MOTION

THIS REPLY TO GOVERNMENT'S motion filed October 20, 2005 ("Motion"), which requests court ("Court") for its dismissal of My § 2255 _ex parte_ motion ("Civil Action"), IS HEREBY OBJECTED TO on the grounds that:

1. Motion misrepresents Me and My Civil Action i.e. Civil Action is My application via an ex parte motion to obtain an order from Judge Manuel L. Real ("Real"), it is not a petition per se;

2. I did not file a petition, nor am I a petitioner as Motion's uninvited agent, Assistant United States Attorney Larry L. Butrick ("Butrick"), demands without warrant;

3. Butrick is not a party to My Civil Action and his presence is that of a trespasser;

4. Motion criminally converted My Civil Action into a petition without warrant of attorney;

5. Motion criminally alleges that I filed an appeal on September 26, 2005, yet the only document filed on that date stems from a terminated stand-by counsel's motion to withdraw, see Court Docket Sheet at item 697 on Page 152;

6.    For good cause I have fired all Court appointed attorneys from [re]presenting Me, including Butrick, as they are third parties and therefore have no lawful license to file documents or to speak in My behalf, especially with respect to My ex parte Civil Action, which by law merely imposes a proper responding act <u>for review</u>, but only from the trial Court Judge Real;

7.    Motion's corporate misrepresented Argument and Conclusion are without merit;

8.    In violation of law, Motion's service upon Me took an unconscionable fourteen (14) days, while Court exhausted its reasonable time parameter in which to act on My Civil Action, not to mention 9th's "Ameline Limited Remand Rule/Order" that Court seems to have overlooked, and

9.    Motion failed to declare when Court acquired subject matter and, in personam jurisdiction over Me in fact to justify Motion's filing and request to dismiss Civil Action.

Please note that Court has also overlooked My most recent filings e.g. My September 20, 2005 "Memorandum by Declaration…" including My "Allocution", My September 22, 2005 "Sentencing Memorandum", the September 27, 2005 "Objection to Sentencing" which declares Court's failure to properly settle My "September 21, 2005 Reply/Counterclaim" just to name a few of My numerous filings that Court has neglected, whereas Court can instantly validate its position by simply answering My Civil Action and declare its jurisdiction in fact over Me.


## NOTICE OF DEMAND FOR ORDER TO SETTLE JURISDICTION

I HEREBY DEMAND THAT COURT INSTANTLY ISSUE ITS ORDER TO SETTLE THE JURISDICTIONAL ISSUE THAT ALLEGEDLY EXISTS OVER ME.


## PROOF OF NOTIFICATION

I HEREBY CERTIFY that a true and correct copy of the foregoing to which this proof of Notification is attached will be duly served upon the following via the United States Postal Service at the time of presenting said copies to its Clerk who shall deposit aforesaid copies in the United States Mail First Class postage prepaid and addressed as follows:

SUE BEITIA, CLERK OF COURT
C/O United States Courthouse
300 Ala Moana Boulevard
Honolulu, Hawaii 96850

EDWARD H. KUBO, JR. 2499
UNITED STATES ATTORNEY
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard, Box 50183
Honolulu, Hawaii 96850

DATED: November 7, 2005, at Honolulu, Hawaii.

By: _Montz, Salamasena Fuia: Attley_
For Me

2

## UNITED STATES COURT OF APPEALS

### FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| Montez Salamasina Tuia: Ottley | ) | Civil No. 05-80147 |
| | ) | D.C. No. CR-00-00126-MLR |
| Applicant/Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | PROOF OF NOTIFICATION |
| UNITED STATES DISTRICT | ) | |
| COURT JUDGE MANUAL L REAL | ) | |
| AND JOHN RATHMAN AS | ) | |
| WARDEN UNITED STATES | ) | |
| FEDERAL DETENTION CENTER | ) | |
| HONOLULU, HAWAII | ) | |
| | ) | |
| Respondents/Defendants. | ) | |
| _____ | ) | |

### PROOF OF NOTIFICATION

I HEREBY CERTIFY that a true and correct copy of the ensuing *"Verified Application For Writ Of Habeas Corpus"* to which this proof of Notification is attached will be duly served upon the following by the United States Postal Service at the time of depositing said copies in the United States mail First Class postage prepaid, and addressed as follows:

U.S. District Judge Manuel L. Real    and
United States Federal Courthouse
C/O Sue Beitia, CLERK OF COURT
300 Ala Moana Boulevard
Honolulu, Hawaii 96850

United States Warden, John Rathman
C/O Federal Detention Center
351 Elliott Street – P.O. Box 30080
Honolulu, Hawaii 96820

Dated:  Honolulu, Hawaii January 31, 2006

By: *Monte, Salamasina Tuia: Ottley*
For Montez Salamasina Tuia: Ottley

Revd 3/20/06

**FILED**

UNITED STATES COURT OF APPEALS

**MAR 13 2006**

FOR THE NINTH CIRCUIT

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

MONTEZ SALAMASINA OTTLEY,

      Petitioner - Appellee,

    v.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII; et al.,

      Respondents - Appellees.

No. 05-80147

D.C. No. CR-00-00126-MLR
District of Hawaii, Honolulu

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

ORDER

**MAR 1 5 2006**

at ___10__o'clock and __55__min___M
SUE BEITIA, CLERK

Before:  BEEZER, T.G. NELSON and BEA, Circuit Judges.

    We have received petitioner's "verified application for writ of habeas

corpus; demand for judgment; attachments I-III, writ and summons to issue from

court." Petitioner's filing is construed as a petition for writ of mandamus

requesting that this court order the district court to act on petitioner's 28 U.S.C.

§ 2255 motion, currently pending in the district court.  *Cf.* Fed. R. App. P. 22(a)

(requiring that an original application for writ of habeas corpus be made in the

district court, and authorizing transfer to the appropriate district court if

incorrectly filed in the court of appeals).  So construed, the petition is denied.

**RECEIVED**
CLERK, U.S. DISTRICT COURT

MAR 1 5 2006

DISTRICT OF HAWAII

05-80147

Petitioner has not demonstrated that this case warrants the intervention of this court by means of the extraordinary remedy of mandamus. *See Bauman v. United States Dist. Court*, 557 F.2d 650 (9th Cir. 1977).

No motions for reconsideration, modification, or clarification of this order shall be filed or entertained.

**DENIED.**

A TRUE COPY
CATHY A. CATTERSON
CLERK OF COURT
ATTEST

MAR 13 2006

by:
Deputy Clerk

MOATT

2

Montez Salamasina Tuia: Ottley – Detainee
87604-022
C/o The Federal Detention Center, Custodian
351 Elliott Street, P.O. Box 30080 – Unit 3A
Honolulu, Oahu, Hawaii nei 96820

March 24, 2006

Office of the Clerk
C/O U.S. Court Of Appeals, Ninth Circuit
95 Seventh Street
San Francisco, CA 94103-1526

Re: Filing

Dear Clerk of the Court,

Enclosed for filing you will find one original with two copies, and one loose title page of my "*Notice of Objection of Court's March 13, 2006 Order.*"  Please record same and return to me in the enclosed SASE the loose title page evidencing your file stamp.

Mahalo for your assistance in this matter.

Aloha pumehana,

*Montez Salamasina Tuia: Ottley*

Enclosures

R E C E I V E D
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

MAR 2 9 2006

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED _____
DOCKETED _____
                    DATE          INITIAL

Montez Salamasina Tuia: Ottley,        )    No. 05-80147
                                       )
    Applicant/Plaintiff,               )    NOTICE OF OBJECTION TO
                                       )    COURT'S ORDER DATED
        vs.                            )    MARCH 13, 2006 FOR CAUSE,
                                       )    EXHIBIT "A"
                                       )
UNITED STATES DISTRICT COURT           )
FOR THE DISTRICT OF HAWAII; et al.,    )  MOATT
                                       )
    Respondents/Defendants.            )  MAR 2 9 2006
_____)  INITIAL_____


NOTICE OF OBJECTION TO COURT'S
ORDER DATED MARCH 13, 2006 FOR CAUSE

*Rcvd  4-10-06*

*4/4/06*

ıa Tuia: Ottley – Detainee
ral Bureau of Prisons
)etention Center, Custodian
P.O. Box 30080
Iawaii nei 96820

lly

*This "Document"
is being returned.
per panels 3/13/06
order. No further
filings
            Mr. Taylor*

## NOTICE

TO:  CIRCUIT JUDGES BEEZER, T.G. NELSON and BEA
COURT OF APPEALS, 9TH CIRCUIT
C/O OFFICE OF THE CLERK
95 SEVENTH STREET
SAN FRANCISCO, CA 94103-1526

This is to verify that the above-entitled detained Applicant/Plaintiff (hereinafter "Me, My, Myself, Mine, and/or I") HEREBY OBJECTS to the above-entitled court's ("9[th]") order dated March 13, 2006 ("Order") denying My "verified application for writ of habeas corpus; demand for judgment; attachments I-III, writ and summons to issue from 9th ("Writ") on the ground that:

1.    Order overlooked the fact that My 28 U.S.C. § 2255 application, a.k.a. motion, was My original habeas corpus (per "Rule") filed in district court ("DC") on November 9, 2005, which was filed for the specific purpose to order the "prompt" hearing under Rule, i.e. under order without delay, My reliance on "prompt", which is stronger than "within a reasonable time", as DC, via Judge Manuel L. Real ("Real"), caused a fatal default and thereby established 9th's jurisdiction to settle Writ, as I did not offer 9th an "*alternative request to treat...*[Writ]...*as a petition for a writ of mandamus*", but for it to instantly settle, by judgment, Real's "*oftrepeated error,*" [as he] "*manifests a persistent disregard*

*of the federal rules*" in this case despite My repeated motions.  See 9th's Case No. 01-56151 *In re: Canter Family Trust vs. Canter* Appeal from DC at Page 8 Par [12] with Real Presiding as Judge Filed August 15, 2002 ("Canter"), which I hereby incorporate into this Objection and Writ for 9th's opinion and judgment.

2.     Order would appear to carry a double standard in light of 9th's review in Canter, whereas unlike Canter Order is incomplete in that it offers no opinion or settlement with regard to a jurisdictional standard; it overlooked, *inter alia*, the "five-factor test" when Order suggested that I look at *Bauman v. United States Dist. Court*, 557 F.2d 650 (9th Cir. 1977) while failing to determine whether the exercise of mandamus jurisdiction is proper under the circumstances if in fact I did not offer 9th an "*alternative request*", as 9th seemingly leaves Me in "*limbo*" and in unlawful detention instead of providing Me a proper forum as it provided Canter if in fact 9th is not that proper forum under the circumstances, yet it declares that Real "*manifests a persistent disregard of the federal rules*", as he had *sua sponte* taken My case from Judge Helen Gilmor without showing cause in sight of 9th.

3.     Attached hereto as Exhibit "A" are true and correct copies of the January 18, 2004 Los Angeles Times article "Judge May Face Sanctions", and the Los Angeles J.A.I.L. News Journal April 1, 2005 report taken from the www.

Executed on this 24th day of March, 2006 at Honolulu, Hawaii.

By:  *Monty, Salamasina Fuia: Attley*

      For Me

3

**EMPHASIS THROUGHOUT THE FOLLOWING ARTICLES Applicant/Plaintiff's**

## LOS ANGELES TIMES – Judge May Face Sanctions

Federal jurist improperly took over bankruptcy case, judicial panel says

By Henry Weinstein
LA Times Staff Writer
January 18, 2004

A veteran federal judge faces disciplinary proceedings after he improperly seized control of a bankruptcy case in an effort to protect a woman whose probation he had decided to oversee personally, according to a federal judicial disciplinary council. Penalties for **District Judge Manuel L. Real**, 79, who has been a controversial member of the federal judiciary in Los Angeles since 1966, could range from a private reprimand to loss of the authority to hear cases. The proceedings in the case have largely taken place out of the public eye. The judicial council of the U.S. 9th Circuit Court of Appeals, which supervises federal judges in California and eight other Western states, handed down its ruling on Real in mid-December, but the decision has never been formally published and has not been placed on the court website.

The decision, cryptically titled **"In Re Complaint of Judicial Misconduct,"** does not mention Real by name, but his identity is revealed in a court opinion referred to in the disciplinary panel's ruling. Legal experts say that although the next steps in the case are up to the chief judge of the 9th Circuit, the council's ruling means that some sort of penalty against Real is highly likely.

That alone would make his case rare. More than 99% of the complaints filed against federal judges around the country are dismissed out of hand. The 9th Circuit council has reprimanded only two jurists in the last decade, while rejecting hundreds of complaints, according to official records. Beyond that, Real's opponents say, the case provides a textbook example of the way a federal judge — holder of a lifetime appointment — can abuse his power on behalf of an individual he favors. Real did not respond to requests for comment. **The judge has a reputation for being charming outside court but cantankerous and peremptory on the bench. He is famous among lawyers for telling attorneys who appear before him: "This isn't Burger King. We don't do it your way here." Real has "created a courtroom of terror," said Victor Sherman, a Los Angeles criminal defense lawyer.**

The case involves one of Real's idiosyncrasies: For the last 25 years, he has personally supervised numerous cases of criminals on probation, according to a statement he made to the judicial council. The judge said he had taken pride in helping criminals rehabilitate themselves by getting directly involved in their activities. One of those people on probation was Deborah M. Canter, who pleaded guilty in April 1999 to one count of loan fraud and three counts of making false statements. Real sentenced Canter, who was 42 at the time of her plea, to five years' probation and community service and put her under his personal supervision, meaning that he met with her and her probation officer at 120-day intervals. Two months before Canter pleaded guilty, she and her husband, Gary — a member of the family that owns Canter's Deli on Fairfax Avenue — had separated. He moved out of the house on Highland Avenue where the couple had been living with their daughter.

The home was owned by a trust established by Gary Canter's parents. While the couple were living together, Gary sent rent checks to his father, Alan. But after the couple split up, Deborah Canter apparently fell behind in the rent. In October 1999, Alan Canter filed suit against her, seeking to evict her from the house and to collect $5,000 in back rent. Twenty-four minutes before a trial was to begin on the eviction, she filed for bankruptcy, which had the effect of stopping the eviction proceedings.

A few months later, in February 2000, she signed an agreement to move out. But just days before she was scheduled to leave the house, a secretary for her lawyer drafted a letter from Canter to Real, "asking for his help in preventing her eviction," according to the judicial council's findings. Shortly afterward, Real used his power as a federal judge to take control of the bankruptcy case away from U.S. Bankruptcy Judge Alan Ahart. Real then reinstated an order blocking the eviction that Canter and her attorney had earlier agreed to. Real's ruling came "a day or two after" Canter delivered the letter, according to the statements from the secretary who drafted the letter. "The next time they saw each other" Canter told the secretary the letter had "worked," according to the judicial council's decision. Canter could not be reached for comment.

# EXHIBIT "A"
**(Three Pages Including This Page)**

Real twice denied motions filed by the Canter trust that would have permitted it to evict Deborah Canter. When Herbert Katz, an attorney for the trust, asked why, **Real's only explanation was, "Because I said it,"** according to court records. Real's order surprised Deborah Canter's lawyer, Andrew E. Smyth. In an interview, he said that months later he told his secretary he was still perplexed about what had happened. Then the mystery was solved. "She said Real acted 'because me and Debbie wrote a letter and Debbie took it down to him,' " Smyth said, adding that he was "shocked and aghast.... It was a complete no-no going to a judge secretly without talking to the other side. No one should do that. That's forbidden." Smyth described his former client as "cute, pixie-like" woman who "acts like a helpless waif." Katz, the lawyer for the other side, also said he had been stunned by Real's actions. He remained mystified about what had happened until he read the recent decision of the judicial council.

**Katz, who served as a bankruptcy judge in San Diego for a decade, said that in 40 years as a member of the bar, he had never seen a judge do what Real had done. "I would never in my wildest dreams have believed" that a federal judge "would simply take a case away from another judge so that he could affect the outcome of the case,"** Katz said. "I guess it was naive on my part."

Although he did not know the reason for Real's actions, Katz appealed the judge's decision, and in August 2002, the 9th Circuit sided with him. The federal Bankruptcy Code allows a district judge to take control of a case away from the Bankruptcy Court, but the judge has to provide valid reasons for doing so, the appeals court said. Real never did so. His actions improperly permitted Deborah Canter to stay in the house "rent-free for almost three years, resulting in a $35,000 loss of rental income" to the Canter trust, the court said in its 3-0 ruling. **Real's actions were an "excursion outside the confines of [his] lawful jurisdiction" and showed a "persistent disregard of the federal rules"** of civil procedure, 9th Circuit Judge Johnnie B. Rawlinson said in the court's opinion. Soon after the ruling, Deborah Canter and the Canter Family Trust reached an out-of-court settlement, and she moved out of the house. The case might have ended there, but for the fact that Real over the years has made some determined enemies. One is Venice attorney Stephen Yagman.

In 1984, Real fined Yagman $250,000, a penalty that was later dismissed on appeal. The judge said the lawyer had filed a libel suit in bad faith. Yagman retorted by saying Real suffered from "mental disorders" and compared him to Tomas de Torquemada, the leader of the Spanish Inquisition. A decade later, a special disciplinary panel of the federal court in Los Angeles suspended Yagman for two years for making intemperate comments about another federal judge. Yagman successfully appealed that move as well, and he asserted that Real had played a key role in instigating it. When Yagman learned about the dispute involving Canter, he filed a misconduct charge against Real, suggesting that the judge's actions stemmed from a relationship with Canter, whom Yagman characterized as an "attractive female." **"Real violated the most important ethic of a judge,"** Yagman said in a recent interview, adding that the judge had acted "according to his own good pleasure" rather than "according to the laws." The case went initially to the 9th Circuit's chief judge, Mary M. Schroeder of Phoenix. She dismissed Yagman's complaint, saying he had not provided "any objectively verifiable proof" of his charge. Moreover, Schroeder said, the Court of Appeals had already ruled on Real's actions, and there was no cause for further proceedings.

Under federal law governing complaints of judicial misconduct, "a complaint will be dismissed if it is directly related to the merits of a judge's ruling or decision," Schroeder ruled. Yagman pressed ahead, taking his case to the 10-judge Judicial Council, which launched its own inquiry. Real told the council that he believed his actions would help Deborah Canter's rehabilitation. But the council said he had acted improperly. **"A judge may not use his authority in one case to help a party in an unrelated case,"** the council said in a 6-4 decision. **"Exercise of judicial power in the absence of any arguably legitimate basis can amount to misconduct."** The council also said it was "well established" that a judge could not act on the basis of a secret communication or take over a case for the purpose of affecting the outcome of a case. The council said Real had done both of these things.

**"The judge here** ... assigned the case to himself for the very purpose of granting [Canter] relief from her imminent eviction," the council ruled.

The fact that the judge's ruling had been **"subject to appellate review does not automatically insulate the judge's conduct from disciplinary proceedings,"** the council majority added. The council is made up of five appeals court judges and five trial court judges. All five appellate judges on the council — Arthur L. Alarcon, William A. Fletcher, Alex Kozinski, M. Margaret McKeown and Sidney R. Thomas — joined the majority. They were joined by Marilyn H. Patel, the chief federal trial judge in San Francisco. Four of the trial court judges — John

5

Coughenour of Seattle, Terry J. Hatter Jr. of Los Angeles, Marilyn L. Huff of San Diego and Jack D. Shanstrom of Billings, Mont. — sided with Real. They did not write an opinion explaining their dissent.

The council sent the case back to Schroeder, who said in an interview that **"it is on my agenda to study the matter with some care and determine what action is appropriate."** Four legal experts, after reading the council's order and related material, said **further action against Real was warranted.** "Taking a case for the purpose of affecting the result is the **antithesis of impartial judging,"** said Stephen Gillers, vice dean of the New York University Law School and author of a legal ethics textbook. **"These alleged transgressions deserved serious attention,"** he said.

USC law professor Erwin Chemerinsky agreed. **"I think it is important for the 9th Circuit to say a judge should not behave this way,"** he said. Although the council's order is not the end of the matter, the professors said it was so strong that it would be very difficult for Real to escape a reprimand. "Schroeder obviously can't dismiss the case again," Chemerinsky said. "The only question is what sanction to impose."

# J.A.I.L. News Journal

---

Los Angeles, California                                                       April 1, 2005
More recent, a January 18, 2004 pg.B1 LA Times article "Judge May Face Sanctions – Federal Jurist Improperly took over case, Judicial Panel says" reported:

"A veteran federal judge faces disciplinary proceedings after he **improperly seized control** of a bankruptcy case in an effort to protect a woman whose probation he had decided to oversee personally. ... Penalties for **district Judge Manuel L. Real**, 79 who has been a controversial member of the federal judiciary in Los Angeles since 1966, could range from a private reprimand to loss of the authority to hear cases. ... The proceeding in the case have largely taken place **out of the public eye**. The judicial council of the 9th Circuit ... handed down its ruling on Real in mid-December, but the decision has never been formally published and has not been placed on the court website. ... Legal experts say the council's ruling means that some sort of penalty against Real is highly likely. That alone would make **his case rare**. More than 99% of the complaints filed against federal judges around the county are dismissed out of hand. The **9th Circuit** council has **reprimanded only two jurists** in the last decade, while rejecting hundreds of complaints, according to official records. Beyond that, Real's opponents say, the case provides a **textbook example of the way a federal judge** – holder of a lifetime appointment – **can abuse his power** on behalf of an individual he favors. ... In 1984, Real fined [attorney Stephen] Yagman $250,000, a penalty that was later dismissed on appeal. The judge said the lawyer had filed a libel suit in bad faith. Yagman retorted by saying Real suffered from '**mental disorders**' and compared him to Tomas de Torquemada, leader of the Spanish Inquisition. ... 'Taking a case for the purpose of affecting the result is the **antithesis of impartial judging**,' said Stephen Gillers, vice dean of the New York University Law School and author of a legal ethics textbook. 'These alleged transgressions deserved serious attention,' he said. USC law professor Erwin Chemerinsky agreed, 'I think it is important for the 9th Circuit to say a judge should not behave this way.'"